IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

RONALD HOWARD MOEN,                                                   CV-02-10-JE

          Petitioner,                                                   ORDER

   v.

STANLEY CZERNIAK,

          Respondent.

HAGGERTY, Chief Judge.

    Petitioner brought this Second Amended Petition for Writ of Habeas Corpus (#32) pursuant to 28 U.S.C. § 2254, challenging his state court convictions on two counts of Aggravated Murder. Petitioner asserts violations of his Sixth Amendment Right of Confrontation regarding the admissibility of hearsay statements made by his mother-in-law, one of the alleged murder victims, to her physician, and his Eighth and Fourteenth Amendment rights not to stand trial and be sentenced because of mental incompetency. Petitioner also asserts the

1 - ORDER

state engaged in prosecutorial misconduct in violation of his due process rights by failing to correct allegedly false statements of one of its witnesses.[1]

On February 13, 2006, Magistrate Judge Jelderks found (1) the out-of-court statements made by petitioner's mother-in-law to her doctor were non-testimonial at the time they were made and, therefore, were admissible at trial. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004)(only testimonial statements "that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial" are subject to the Confrontation Clause); (2) petitioner is procedurally defaulted from asserting his incompetency and prosecutorial misconduct claims in this court because he did not raise those claims in his appeal to the Oregon Supreme Court. *See Castillo v. McFadden,* 399 F.3d 993, 1000 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 348 (2005)("To exhaust his claim, [the petitioner] must have presented his federal, constitutional issue before the [state appellate court] within the four corners of his appellate briefing."); and (3) even if plaintiff was incompetent, he has not claimed "actual innocence" of the crimes sufficient to establish a fundamental miscarriage of justice has occurred. *See Schlup v. Delo,* 513 U.S. 298, 329 (1995); *Murray v. Carrier,* 477 U.S. 478, 496 (1986)( "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

Based on the above findings, Magistrate Judge Jelderks recommended petitioner's habeas

---

[1] Petitioner also asserted other claims in his habeas petition that he did not address in his memoranda in support of the petition. Magistrate Judge Jelderks reviewed those claims and found none of them entitled petitioner to relief. Petitioner has not objected specifically to that finding.

petition should be denied, and judgment should be entered dismissing this case, with prejudice.

Petitioner has filed timely objections to the Findings and Recommendation, and the matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) on *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C); *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1415 (9th Cir. 1991).

On review, I find no error in the Findings and Recommendation (#97) and, therefore, I adopt them as my own. Plaintiffs' Second Amended Petition for Writ of Habeas Corpus (#32) is **DENIED,** and this case is **DISMISSED with prejudice.**

IT IS SO ORDERED.

DATED this   8th day of August, 2006.


　　　　　　　　　　　　　　　　　　　  /s/Ancer L.Haggerty
　　　　　　　　　　　　　　　　　　　Ancer L. Haggerty
　　　　　　　　　　　　　　　　　　　United States District Judge

3 - ORDER